**LAW OFFICE OF RALPH O. LEWIS**
*Ralph O. Lewis*, Jr., *Cal. Bar No.: 141132*
40960 California Oaks Road, Suite 267
Murrieta, California  92562
Tel:(951) 696-4777 Fax: (951) 696-4776
e-mail: lawofficeofralphlewis@ca.rr.com

(Space below reserved for court use)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY BARR, | CASE NO.:C07-04075 JL |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR ATTORNEYS FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT AND REIMBURSEMENT FOR EXPENSES** **20 U.S.C. § 1415(i)(3)(B).**, 20 U.S.C. 1400 et seq |
| ALAMEDA CITY UNIFIED SCHOOL DISTRICT; GOVERNING BOARD OF ALAMEDA UNIFIED SCHOOL DISTRICT;  DOES 1 THROUGH 10, | |
| Defendants. | |

1

# I
# CAUSE OF ACTION

1. This is an action brought on behalf of the Parents of minor, Jack Barr to acquire attorney's fees and reimbursement to which the Plaintiff is entitled to in a Settlement Agreement of a Due Process litigation under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. (IDEA) or "the Act". Plaintiff seeks attorney's fees and costs and reimbursement pursuant to the Settlement Agreement".

# II
# JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 20 U.S.C. § 1415(i)(3)(A) and 20 U.S.C. §§ 1400 et seq. (IDEA).The Courts have ruled repeatedly that jurisdiction of Settlement Agreement brought under IDEA are within the jurisdiction of the Federal Court ( see Gadsby v. Grasmick 109 F.3d 940 ( 4th Cir 1997); Kreher v. Orleans Parish School Bd. 1996. Westlaw 715506 ( E.D. La. 1996), Capillino v. Hyde Park Cent. Sch Dist. 135 F.3d 264 ( 2nd Cr 1998); HENDRICK HUDSON DIST. BD. OF ED. v. ROWLEY, 458 U.S. 176 (1982) The Supreme court ruled that the court is not limited to the review procedures of IDEA ***Although the judicial-review provisions do not limit courts to ensuring that States have complied with the Act's procedural requirements***, the Act's emphasis on procedural safeguards demonstrates the legislative conviction that adequate compliance with prescribed procedures will in most cases assure much, if not all, of what Congress wished in the way of substantive content in an IEP. Pp. 204-207 (emphasis added).

# III
# PARTIES

Plaintiff:

3. The Plaintiff, Judy Barr is a citizen of the United States and resides within the Alameda City Unified School District in Alameda, County where her son, Jack Barr is a

student placed within the boundaries of the Defendant. Judy Barr brings this action on behalf of herself.

Defendants:

4. The Defendants, Alameda City Unified School District (hereinafter "the District") is a body corporate charged with the duty to operate and manage the schools of the district in compliance with State and Federal law. Among other duties, the District has specific responsibilities for providing a free and appropriate public education for all students with disabilities within their district and for disciplining those students.

## IV

## **FACTUAL ALLEGATIONS**

5. The Plaintiffs, through their attorney, filed a Request for a Due Process Hearing to initiate the impartial Due Process mechanism provided by IDEA (42 U.S.C. § 1415(f)) and California's implementing statute (Cal.Ed. Code §§ 56501 and 56502) continuing Jack Barr in Educational Services procured by Judy Barr. The parties entered into a Settlement Agreement dismissing the Due Process case numbered, SN05-00204 and SN05-01890.

6. The Settlement Agreement calls for "upon full execution of the Agreement and within 30 days after receipt of proof of payment of educational expenses for speech and language services, occupational therapy services, school tuition, and paraprofessional services, which have been incurred on behalf of Student for the 2004-2005 school year, the District shall reimburse the Parents in an amount not to exceed twenty-four thousand dollars(24,000.00, subject to proof of such expenses. Proof of expenses shall be in the form of cancelled checks, or paid invoices" (See Paragraph 3(b) of Exhibit A, Settlement Agreement).

7. Petitioner provided the required proof of payment information and The Defendant refused to and continues to refuse to pay, according to the terms of the Settlement Agreement (See proof of payments attached hereto as "Exhibit C").

8. The Settlement Agreement called for the payment of "an amount not to exceed six thousand five hundred dollars ($6,500.00) in the name of Ralph Lewis Client Trust Account for full and final payment of any and all attorney fees incurred."(See page 4 of 9, (b)(2) of the Settlement Agreement attached hereto as "Exhibit A").

9. The Plaintiffs' attorney presented an Invoice that the Defendant's have not yet paid (See Invoice for attorneys fees and costs attached hereto as "Exhibit B"). The Plaintiff also claims attorneys fees per statute for this filing.

## V
## PLAINTIFF IS ENTITLED TO REIMBURSEMENT FOR ATTORNEY'S FEES AND COSTS AND REIMBURSEMENT FOR EDUCATIONAL COSTS.

10. The Courts have ruled repeatedly that jurisdiction of Settlement Agreements brought under IDEA are within the jurisdiction of the Federal Court (see Gadsby v. Grasmick 109 F.3d 940 ( 4th Cir 1997); Kreher v. Orleans Parish School Bd. 1996. Westlaw 715506 ( E.D. La. 1996), Capillino v. Hyde Park Cent. Sch Dist. 135 F.3d 264 ( 2nd Cr1998);HENDRICK HUDSON DIST. BD. OF ED. v. ROWLEY, 458 U.S. 176 (1982) The Supreme court ruled that the court is not limited to the review procedures of IDEA ***Although the judicial-review provisions do not limit courts to ensuring that States have complied with the Act's procedural requirements***, the Act's emphasis on procedural safeguards demonstrates the legislative conviction that adequate compliance with prescribed procedures will in most cases assure much, if not all, of what Congress wished in the way of substantive content in an IEP. Pp. 204-207 (emphasis added).

## VI
## PRAYER FOR RELIEF

11. Plaintiff respectfully requests that the court order the Defendants to pay the Plaintiff's attorneys fees and costs and reimbursement for educational expenses in full and

with interest accrued from the time of the decision and also the additional attorney's fees and costs incurred while seeking payment for those fees and costs. In addition, attorneys fees and costs related to this filing.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Order the Defendant to pay Plaintiff reimbursement in the amount of $24,000.00 with interest.

2. Order Defendants to pay Plaintiff's attorney's fees and costs related to cases;SN05-01890 and SN05-00204 through the administrative process, with interest.

3. Grant Plaintiff's attorneys fees and costs accrued after the Due Process Hearing incurred while seeking payment, including this filing.

4. Grant such other and further relief as may be deemed just and equitable.

Dated: November 15, 2007        Respectfully Submitted,
                                LAW OFFICE OF RALPH O. LEWIS



                                _____
                                Ralph O. Lewis, Jr., Esq., Attorney for Plaintiff