# SPECIAL EDUCATION HEARING OFFICE
# INSTITUTE FOR ADMINISTRATIVE JUSTICE
# SPECIAL EDUCATION MEDIATION

## August 9, 2005

Date

**Jack Barr**

Petitioner

VS

**Alameda City USD**

Respondent(s)

and

Respondent(s)

Case Number: SN 05-01890

Mediator: **Elaine Talley**

Phone: (530) 758-8894

Fax: (530) 758-9911

Location of Mediation: **Alameda City USD**
**2200 Central Ave., #201E**
**Alameda, CA 94501**

Results of Mediation: Final Agreement
Request for Hearing Withdrawn
with prejudice

Page 1 of 9

Exhibit A

## SPECIAL EDUCATION MEDIATION

NO: <u>SN 05-018</u>

DATE: <u>8-9-05</u>

### RESULTS OF THE MEDIATION

1. ✓ The parties have reached a Final Agreement. The request for a Hearing in this matter is withdrawn. <u>with prejudice.</u>

2. ___ The parties have reached a Final Agreement. The request for a Pre-Hearing Mediation in this matter is withdrawn.

3. ___ The parties are unable to reach an Agreement. The Hearing will proceed as noted below.

4. ___ Petitioner withdraws the request for a Hearing without a Final Agreement.

5. ___ The parties have reached an Interim Agreement. The Hearing status is noted below.

6. ___ The parties have not reached an interim agreement but will meet again in mediation on: _____ at _____

7. ___ The parties have reached a Contingent Final Agreement. The Hearing status is noted below.

8. ___ The parties have reached an Agreement on some of the issues but have not resolved others. Therefore, a Hearing will be held on the remaining issues as noted below.

---

**Regarding the Hearing:**

The Hearing is currently scheduled for:

☐ The parties agree to have the Hearing off calendar.

☐ The parties agree to postpone the Hearing to: _____
(dates subject to approval by the Special Education Hearing Office)

☐ Parties agree to keep hearing off calendar until they submit mutually agreeable dates to the Hearing Office.

☐ The parties cannot agree on Hearing dates but wish to have the Hearing scheduled.

☐ The parties agree to keep Hearing dates as set.

**Note**: If the Parties agree to postpone the Due Process Hearing or take the Hearing off calendar, they agree to extend the 45-day requirement for issuing a final Hearing decision by the number of days necessary to complete Mediation, plus an additional 30 days to provide time to reschedule the Hearing.

_____          _____
for Petitioner                                           for Respondent

_____          _____
date                                                        date

agents, employees, partners, and trustees, regarding the provision of an education, including all rights and responsibilities under the Individuals with Disabilities Education Act, California Education Code sections 56500 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 related to the present dispute (SN05-01890 and SN05-00204) on the following terms and conditions:

(a)  The Petitioner shall:

    (1)  provide consent to the assessment plan dated February 15, 2005, incorporated here by reference. Signature to this Agreement constitutes consent to the assessment plan, and Parents agree that the timeline for assessment shall begin on the first day of the 2005-2006 school year.

    (2)  cooperate with the District and make Student reasonably available for assessment. If Parents do not make student reasonable available for District assessment, they waive, on behalf of Student, the legal timelines associated with the assessment and the IEP team meeting to be held after the assessment.

    (3)  agree to attend the IEP team meeting that shall be held after the District completes the assessment of Student.

(b)  The District shall:

    (1) upon full execution of the Agreement and within 30 days after receipt of proof of payment of educational expenses for speech and language services, occupational therapy services, school tuition, and paraprofessional services, which have been incurred on behalf of Student for the 2004-2005 school year, the District shall reimburse the Parents in an amount not to exceed twenty-four thousand dollars (24,000.00), subject to proof of such expenses. Proof of expenses shall be in the form of cancelled checks, or paid invoices.

    (2) issue a warrant within 30 days after receipt of proof in an amount not to exceed six thousand five hundred dollars ($6500.00) in the name of the Ralph Lewis Client Trust Account for full and final payment of any and all attorney fees incurred to the date of full execution of this Agreement with regard to SN05-00204 and SN05-01890. Proof of attorney fees incurred shall be in the form of an itemized attorney fees invoice demonstrating fees incurred.

    (3) agree to conduct a full assessment of Student and hold an IEP team meeting within the legal timelines.



4 of 9

{SR026014.DOC}

## RELOCATION

4) The parties agree that the District shall have no obligation to conduct the assessment as set forth in this Agreement should the Petitioner relocate from the jurisdictional limits of the District.

## MUTUAL GENERAL RELEASE AND DISCHARGE

5) Each of the parties on behalf of the party, the party's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, trustees, hereby fully releases and discharges the other party and that party's predecessors and successors in interest, heirs, assigns, officers, directors, agents, employees, partners, and trustees, from all rights, claims and actions that each party and the above-mentioned predecessors and successors now have against the other party and the above mentioned predecessors and successors, arising from or related to the Student's educational program, placement, and related services as it pertains to the present dispute (SN05-01890 and SN05-00204), as well as legal services as they pertain to the present dispute (SN05-01890 and SN05-00204).

   (a) Acknowledge and agree that the release that the Petitioner gives to the District upon executing this Agreement applies to all educational claims (whether those claims are known or unknown, foreseen or unforeseen, or patent or latent) which the Petitioner may have against the District arising from the subject of the request for a due process hearing described in paragraph 2 above, and the Petitioner thereby waives application of California Civil Code section 1542, under the jurisdiction of the Office of Administrative hearings for the State of California.

   The Parents certify that they have read the following provision of California Civil Code section 1542:

   "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor."

## CONFIDENTIALITY

6) The parties agree this Settlement Agreement shall remain confidential to the extent federal and state law provides.

5 of 9

{SR026014.DOC}

## CONDITIONS OF EXECUTION

7) Each party acknowledges and warrants that his or her execution of this release is free and voluntary.

## NO ADMISSION OF LIABILITY

8) This Agreement is entered into by the parties for the purpose of compromising and settling the Dispute. It does not constitute, nor shall it be construed as, an admission of liability by any party for any purpose, including the provision of a free, appropriate public education. No party shall be deemed the "prevailing party."

## ENTIRE AGREEMENT

9) This Agreement constitutes the entire agreement and understanding between the parties. There are no oral understandings, terms, or conditions, and neither party has relied upon any representation, express or implied, not contained in this Agreement. All prior understandings, terms, or conditions are deemed merged into this Agreement and its attachments. This Agreement cannot be changed or supplemented orally and may be modified or superseded only by written instrument executed by both parties.

## BINDING EFFECT

10) This Agreement is for the benefit of and shall be binding on all parties and their respective successors, heirs, and assigns.

## OTHER DOCUMENTS

11) All parties agree to cooperate fully in the execution of any additional documents that may be necessary to finalize this Agreement.

## EXECUTION BY FACSIMILE OR IN COUNTERPARTS

12) This Agreement may be executed in counterparts such that the signatures may appear on separate signature pages. A copy or an original, with all signatures appended together, shall be deemed a fully executed Agreement. A facsimile version of any party's signature shall be deemed an original signature.

## SEVERABILITY

6 of 9

{SR026014.DOC}

13) If any provision of this Agreement is held to be void, voidable, or unenforceable, the remaining portions of the Agreement shall remain in full force and effect.

## INTERPRETATION

14) The language of all parts of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against either party.

## VOLUNTARY AGREEMENT

15) The parties represent that they have read this Agreement and its attachments in full and understand and voluntarily agree to all such provisions and that the Agreement has been fully explained to them by their own counsel. The parties further declare that, prior to signing this Agreement, they apprise themselves of relevant data, through sources of their own selection, including review by their own counsel, in deciding whether to execute this Agreement. The parties further represent that they have, as of the date of execution of this Agreement, the legal capacity to understand, agree to, and sign this Agreement.

## GOVERNING LAW

16) This Agreement shall be governed by and construed in accordance with the laws of the State of California and applicable federal laws.

## EFFECTIVE DATE

17) This Agreement shall be executed by the Parents and the Superintendent, on behalf of the District. This Agreement shall be complete upon the execution by the Parties.

**Petitioner:**

_[signed] Judy Barr_   8/9/05
Judy Barr, Mother        Date

_____   _____
James Barr, Father        Date

**Respondent:**

7 of 9

{SR026014.DOC}

---
Ardella Dailey                                              Date
Superintendent
Alameda Unified School District

**Approved as to form and content:**

Law Office of Ralph O. Lewis

_____     8/9/05
Ralph O. Lewis,                                             Date
Attorney for Petitioners

Lozano Smith

_____     8-9-05
Karen E. Samman                                             Date
Attorneys for District

::ODMA\WORLDOX\Q:\RAM_DOCS\90001\355\OTH\SR020872.WPD

Special Education Hearing Office Mediation

Case No.: SN 05-01890

Date: August 9, 2005

Mediator: Elaine Talley

## PARTICIPANT INFORMATION

Case Name: Jack Barr v. Alameda City USD

**for Petitioner - (please print)**

| Name | Title | Address, Zip Code | Phone |
|---|---|---|---|
| X Jack K. Barr | Parent | 1577 Court St., Alameda | (510) 769-8239 |
| Ralph Lewis | Atty | 1101 Marina Village Pkwy Suite 100, Alameda CA 94501 | 951-696-4777 |
| Judy Barr | parent | 1517 Court St., Alameda | 951-696-4777 |

**for Respondent - (please print)**

| Name | Title | Address, Zip Code | Phone |
|---|---|---|---|
| Karen E. Samman | Attorney | 20200 Crow Canyon Place, San Ramon | 925-302-2000  337-7190 |
| Sharon Lindsey | District Director | 2200 Central Ave, Alameda CA 94501 | 510-337-7078 |

**OTHER - (please print)**

| Name | Title | Address, Zip Code | Phone |
|---|---|---|---|
| | | | |

Page 9 of 9